IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BATTITES WESLEY,

                          Petitioner,                          ORDER

        v.                                                     09-cv-700-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,
RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections, and
ALFONSO GRAHAM, Chairperson,
Wisconsin Parole Board,

                          Respondents.

        Battites Wesley, an inmate at the Wisconsin Secure Program Facility in Boscobel,

Wisconsin, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.  He

has paid the five dollar filing fee.  The petition is before the court for preliminary review

under Rule 4 of the Rules Governing Section 2254 Cases.  Petitioner contends that the

Wisconsin Department of Corrections and the Wisconsin Parole Board have failed to follow

proper procedures and have relied on inaccurate information in his prison record to find him

guilty of conduct violations, place him in administrative segregation and deny his release on

discretionary parole.

        In asking for relief by way of habeas corpus, petitioner has chosen the wrong

procedure for challenging his placement in administrative segregation at the Wisconsin

Secure Program Facility.  He has not shown that the placement affects the duration of his custody.  Accordingly, the petition will be dismissed.

In his petition, petitioner alleges the following facts.

## ALLEGATIONS OF THE PETITION

Petitioner was convicted in 1974 of first degree intentional homicide and arson.  The state court sentenced him on count 1 to a life term and on count to 2 to 15 years, to be served consecutively to the sentence imposed on count 1.  It appears that petitioner has not yet been released on parole on count 1.  In 1977, while in prison, petitioner earned his high school equivalency diploma.

Under Wis. Admin. Code § DOC 303, a prisoner's mandatory release date is increased by up to 50% of the time served in adjustment, program or controlled segregation status.  Between 1973 and 2009, petitioner lost good-time credits and had his release date extended as sanctions for violating prison rules.  The disciplinary proceedings with respect to these conduct violations were "illegal" because petitioner was not provided with proper notice of the time and date of the disciplinary hearings or with an initial hearing notifying him of the charges.  These conduct violations are on petitioner's prison record.

In September 1989, petitioner had his initial parole hearing.  At the time, Wis. Stat. § 304.06(1r)(a)2 (1989-90) provided that the parole commission "shall grant release on parole, unless there are overriding considerations not to do so," to any inmate who was

2

eligible for parole and who had obtained a high school equivalency diploma while incarcerated. (This statute was repealed on July 9, 1996. 1995 Wis. Act. 444.) The parole commissioner declined to release petitioner on parole because of his numerous conduct violations.

On January 10, 2009, while in the shower at the Columbia Correctional Institution in Portage, Wisconsin, petitioner made comments to other inmates to the effect that he had heard he was going to be placed on administrative confinement. He also made statements such as "GD until the end, till the day I die; you can't take the D out of me, the prison can't take the D out of me" and "I ain't sitting down, Larry didn't sit down, Shorty didn't sit down, I'm not laying down." For this conduct, petitioner was charged with violating Wis. Admin. Code § DOC 303.20 (group resistance) and § 303.28 (disruptive conduct). On February 1, 2009, the adjustment committee found petitioner guilty of both charges and imposed a sanction of 180 days' disciplinary separation. In addition, the committee recommended that petitioner be considered for transfer by the Program Review Committee, but it did not notify petitioner that it was making such a recommendation. By failing to provide such notice, the adjustment committee violated its own rules. The adjustment committee's decision was affirmed on appeal by the warden.

On August 25, 2009, the Program Review Committee held a hearing to determine whether to transfer petitioner to administrative segregation at the Wisconsin Secure Program Facility. Before this hearing, petitioner was not informed of the approximate date when the

3

hearing was to be held or of the facts that were to be considered at that hearing, as required by the department's administrative rules.  In addition, he was not allowed to prepare a written statement in his defense.

The Program Review Committee decided to transfer petitioner to the Secure Program Facility under Wis. Admin. Code DOC § 308.04(1)(c), which authorizes the department to place an inmate in administrative confinement if staff believes the inmate's presence in the general population will result in a riot or disturbance, either because of the inmate's activity or because the staff has reasonable grounds to believe that the inmate is a gang member.  The decision to transfer plaintiff to the institution was made on the basis of the February 1, 2009 conduct violation as well as on "petitioner's previous DOC conduct reports."  The Program Review Committee did not follow the department's internal rules in reaching this decision. Further, the committee lacked sufficient evidence to conclude that petitioner was a gang member and relied on inaccurate information.  The Program Review Committee's decision was affirmed on administrative appeal.

Petitioner has been accused of being a gang member in the past.  In September 1986, investigators at the Waupun Correctional Institution determined that he was not a gang leader.  In 1994, a circuit court judge in Dodge County reversed a decision of the Program Review Committee, finding it lacked evidence that petitioner was a gang leader.  The Program Review Committee ignored these findings when it voted to transfer petitioner to the Wisconsin Secure Program Facility.

4

OPINION

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit."  Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

Although it is hard to tell from the lengthy petition precisely what action by respondents petitioner is contesting, I construe the petition as raising the following claims: 1) the Program Review Committee failed to comply with its internal rules in deciding to transfer him to the Wisconsin Secure Program Facility; 2) between 1973 and 2009, petitioner incurred several conduct violations for which he was not provided proper notice; and 3) because of these "invalid" conduct reports on his prison record, he has been denied parole.

I. Transfer to Wisconsin Secure Program Facility

Petitioner complains that the Program Review Committee did not follow its internal rules in recommending his transfer to the Wisconsin Secure Program Facility.  However, federal habeas relief is available only if the petitioner is in custody in violation of the United

5

States Constitution or other federal laws.  The failure of prison officials to adhere to their own regulations does not violate the federal Constitution; what matters is whether the officials acted in violation of the Constitution's due process clause.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (habeas corpus relief not available for errors of state law); Fuller v. Dillon, 236 F.3d 876, 880 (7th Cir. 2001).

The Supreme Court has held that prisoners may be entitled to due process in conjunction with placement in a supermaximum facility such as the Wisconsin Secure Program Facility.  Wilkinson v. Austin, 545 U.S. 209, 223 (2005).  The Court recognized that "the requirements of due process are 'flexible and call for such procedural protections as the particular situation demands.'"  Id. at 224 (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).  Moreover, the Court noted that "informal, non-adversary procedures" such as those employed in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979), and Hewitt v. Helms, 459 U.S. 460 (1983), provide sufficient process in the context of transfer to a super-maximum security institution. The Court of Appeals for the Seventh Circuit has suggested that so long as a "prisoner [i]s given sufficient notice of the reasons for his transfer to afford meaningful opportunity to challenge his placement," his placement in such an institution will satisfy due process under Wilkinson.  Westefer v. Snyder, 422 F.3d 570, 588 (7th Cir. 2005).

It is arguable that petitioner has alleged facts sufficient to state a claim that he was not provided sufficient process in connection with his recent transfer to the Wisconsin

Secure Program Facility, when those allegations are construed broadly.  However, even if petitioner has stated a constitutional claim, he cannot obtain a remedy through habeas corpus, because he is not trying to secure his release from confinement or to shorten the length of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).  On the other hand, when the only relief a prisoner can obtain is damages or a "different program or location or environment," the prisoner "is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991).  The choice to house an inmate in segregation rather than with the general population affects the severity, not the duration, of confinement; an inmate in segregation is not "in custody" for purposes of § 2254 and cannot use habeas corpus to challenge the sanction.  Montgomery v. Anderson, 262 F.3d 641, 643-44 (7th Cir. 2001). Accordingly, this claim must be dismissed.

## II.  Conduct Reports

Petitioner asks this court to expunge all the conduct violations on his prison record, apparently on the ground that the disciplinary proceedings in connection with those violations were procedurally flawed.  A petition for a writ of habeas corpus is the appropriate means to contest a prison disciplinary action that resulted in the loss of good-time credits or a similar confinement-lengthening sanction.  Montgomery, 262 F.3d at 643; Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000) (per curiam).  However, petitioner has not

7

identified how many conduct violations he has accrued, which of those violations resulted in a deprivation of good time as opposed to some lesser disciplinary sanction or any specific facts relating to any disciplinary violation except for the most recent one in February 2009. Absent such facts, I have no basis on which to find that petitioner is in custody in violation of his constitutional rights.

Further, petitioner has not stated what process he received in connection with each of those disciplinary proceedings.  Federal courts reviewing prison disciplinary proceedings are limited to determining whether the proceedings complied with the requirements of the due process clause.  When it comes to notice, which is all petitioner appears to be challenging here, a prisoner must receive at least 24 hours' written notice of the charges against him so he can "marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974).  Nowhere in the petition has petitioner alleged that he was not provided with at least 24 hours' notice of the charges against him at any particular disciplinary hearing.  His claim that his conduct reports are invalid for lack of proper notice is based upon his conclusory allegation that the department failed to follow its own regulations.  As I have already noted, however, the failure of prison officials to adhere to their own regulations does not violate the federal Constitution.

III.  <u>Denial of Release on Parole</u>

Finally, petitioner asserts that the parole board is unlawfully denying his release on parole.  If I understand petitioner's argument, it is that but for the "invalid" conduct reports, he would be entitled to release on parole more quickly.  The only possible support for petitioner's claim lies in the due process clause.  To be entitled to due process, however, the petitioner must first show that he has a protected liberty or property interest.  <u>Domka v. Portage County</u>, 523 F.3d 776, 779-80 (7th Cir. 2008).  A state parole statute creates a liberty interest only when it uses mandatory language entitling a prisoner to release upon the fulfillment of certain criteria.  <u>Greenholtz</u>, 442 U.S. at 8-12; <u>Grennier v. Frank</u>, 453 F.3d 442, 444 (7th Cir. 2006).  Under Wisconsin's parole statute, prisoners serving a life sentence "never acquire a presumptive entitlement to release." <u>Grennier</u>, 453 F.3d at 444 (citing Wis. Stat. § 302.11(1m)).  To the contrary, the decision whether they will be released on a parole is wholly discretionary.  <u>Id</u>.  Because petitioner has no liberty interest in parole, he has no due process claim.

Petitioner points to Wis. Stat. § 304.06(1r)(a)2 (1989-90), since repealed, which provided that the parole commission "shall grant release on parole, unless there are overriding considerations not to do so," to any inmate who was eligible for parole and who had obtained a high school equivalency diploma while incarcerated.  Petitioner argues that the word "shall" in the statute gave him a presumptive entitlement to release when he saw the parole board in 1989.  Although the Wisconsin Court of Appeals has addressed this

argument in other cases, in each case it found it unnecessary to decide whether the mandatory language in § 304.06(1r) gives rise to a protected liberty interest. <u>State ex rel. Nickl v. Husz</u>, 224 Wis.2d  642, 590 N.W.2d  281 (Table), 1999 WL 77531, *2 (Ct. App. 1999) (unpublished opinion) (even if prisoner had liberty interest under § 304.06(1r), he received all process that was due from parole commission); <u>State ex rel. Saenz v. Husz</u>, 198 Wis. 2d 72, 79-80, 542 N.W. 2d 462 (Ct. App. 1995) (petitioner did not assert that he was denied parole under § 304.06(1r) without due process).  I, too, find it unnecessary to decide this question.  The only parole board hearing at which petitioner contends the statute applied was his appearance before the parole board in 1989.  However, petitioner has not alleged facts to show 1) how many conduct violations were on his record at that time; 2) he was deprived of proper notice in connection with any or all of those conduct violations; or 3) his conduct record was the only reason for the board's refusal to release petitioner in 1989.

Furthermore, petitioner does not allege that he exhausted his state court remedies with respect to that hearing by filing a state court action for a writ of certiorari to challenge the board's decision.  <u>E.g.</u>, <u>State ex rel. Clarke v. Carballo</u>, 83 Wis. 2d 349, 265 N.W. 2d 285 (1978) (reviewing  circuit court's order denial of writ of certiorari to review parole board decision).  When a prisoner fails to exhaust his state court remedies and it is too late for him to do so, his claim is procedurally defaulted.  <u>Perruquet v. Briley</u>, 390 F.3d 505, 514 (7th Cir. 2004).  This means that the federal court cannot hear the claim.  Finally, even if

petitioner did exhaust his state court remedies, his belated challenge to the 1989 parole decision is likely to be barred by laches.  Cox v. McBride, 279 F.3d 492, 494 (7th Cir. 2002) (although one-year limitations period in § 2244(d)(1) does not apply to custody arising from "judgments" of non-courts, such as prison disciplinary boards, untimely claims may be barred by equitable doctrine of laches).  For all these reasons, this claim must be dismissed.

ORDER

IT IS ORDERED THAT the petition of Battites Wesley for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.  Petitioner's challenge to his transfer to the Wisconsin Secure Program Facility is not cognizable in a petition for a writ of habeas corpus. His challenges to his conduct violations and the denial of his release on parole fail to state a constitutional claim.

Entered this 23rd day of November, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

11